UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **ANNA BETH AND GREG ALTAZIN** | * | **CIVIL ACTION NO.  12-1024** |
| **VERSUS** | * | **JUDGE JAMES T. TRIMBLE, JR.** |
| **WAL-MART STORES, INC., ET AL.** | * | **MAG. JUDGE KAREN L. HAYES** |

## MEMORANDUM ORDER

Before the undersigned magistrate judge, on reference from the District Court, is a motion to compel discovery responses and associated request for attorney's fees [doc. # 39] filed by plaintiff Anna Beth Altazin (a/k/a Anna Beth Becton).  The motion is opposed.  For reasons explained below, the motion is GRANTED.[1]

## Background

The instant suit stems from a December 3, 2010, slip and fall accident suffered by Beth Altazin while shopping at Wal-Mart's Monroe store.  On November 22, 2011, Beth Altazin and her then husband, Greg Altazin, commenced this action against defendants, Wal-Mart Stores, Inc. and Wal-Mart Louisiana, L.L.C. (collectively, "Wal-Mart"), in the 4th Judicial District Court for the Parish of Ouachita, State of Louisiana.  Plaintiffs contend that the accident was caused by Wal-Mart's negligence, and therefore Wal-Mart is responsible for plaintiffs' resultant damages.

---

[1]  As this motion is not excepted within 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this order is issued under the authority thereof, and in accordance with the standing order of this court.  Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

*See* Petition.² On April 27, 2012, Wal-Mart removed the matter to federal court on the basis of diversity jurisdiction. (Notice of Removal [doc. # 1]).

At the end of January 2014, plaintiff Beth Altazin served Wal-Mart with a Rule 30(b)(6) deposition notice. *See* Pl. Reply Memo., Exh. A. Attached to the notice were two exhibits: A and B. The former listed potential topics to be examined during the depositions; the latter was comprised of document production requests." *Id*. Of particular significance, for the purpose of this motion, were the following items, **Deposition Topic No. 12:** "[a]ny risk and hazard analysis regarding the presence of merchandise pallets on the sales floor;" **Document Request H:** "[a]ny and all Documents ranking, evaluating, interpreting or otherwise analyzing the causes of slip and fall accidents in your stores, including but not limited to Documents which mention spilled liquids as a cause of slip and fall accidents in your stores;" **Document Request L:** "[a]ny documents reflecting, in whole or part, any risk and hazard analysis regarding . . . the presence of merchandise pallets on the sales floor;" and **Document Request M:** "[a]ny documents reflecting, in whole or part, any risk and hazard analysis regarding the failure to guard a spill or other floor hazard upon discovery . . ." *Id*.

On February 18, 2014, Wal-Mart objected to the foregoing avenues of inquiry on the multiple grounds that the requests were overly broad, unduly burdensome, irrelevant, and to the extent any responsive information exists, proprietary. *See* Pl. Reply Memo., Exh. B.

After several continuances, plaintiff finally took Wal-Mart's corporate deposition on April 10, 2014. (M/Compel, Memo., pg. 1). Almost one month later, on May 5, 2014, plaintiff filed the instant motion to compel responses to Deposition Topic No. 12 and Document

---

² Beth Altazin suffered serious and disabling injuries, including a fractured right hip that required replacement. *Id*., ¶ 9.

Requests, H, L, and M.[3]

On June 11, 2014, Wal-Mart filed its memorandum in opposition to the motion to compel wherein it represented that it had not conducted any risk and hazard analysis, and thus it had no responsive information or documents. (Opp. Memo., pgs. 1-2). Wal-Mart contends that it cannot be compelled to produce information and documents that it does not possess. In support of its response, Wal-Mart submitted an affidavit from Aaron Mulqueen-Keith, its Senior Manager of Risk Analytics, which states that Wal-Mart does not have a "regular and customary," "corporate-wide" analysis of slip and fall accidents. (Mulqueen-Keith Affidavit; Opp. Memo., Exh. B).

Plaintiff filed her reply brief on June 18, 2014. She observed that, in its responses to the 30(b)(6) discovery topic/requests, Wal-Mart did not represent that it had no responsive information/documents. She also noted that Mr. Mulqueen-Keith added extraneous qualifications to his affidavit that were not included in the original discovery topic/requests.

## Law

Pursuant to Rule 30(b), "[t]he notice to a party deponent may be accompanied by a request under Rule 34 to produce documents and tangible things at the deposition." Fed.R.Civ.P. 30(b)(2). Rule 34, in turn, dictates that "a party may serve on any other party a request within the scope of Rule 26(b) . . . to produce . . . any designated documents . . . or any tangible things" that

---

[3] Because of a then-looming deadline to compel discovery, plaintiff reserved her right to supplement her motion in the event that Wal-Mart failed to respond adequately to her recently propounded Second Set of Interrogatories and Requests for Production. However, the deadline to compel discovery has since been extended. Thus, plaintiff did not supplement her motion, and instead, will file a separate motion, if necessary. See Pl. Reply Memo.

are within the "party's possession, custody, or control . . ." Fed.R.Civ.P. 34(a)(1).[4]

Rule 34's definition of "possession, custody, or control," includes more than actual possession or control of the materials; it also contemplates a party's "legal right or practical ability to obtain the materials from a nonparty to the action." *White v. State Farm Mut. Auto. Ins. Co.*, 2011 WL 3423388 (M.D. La. Aug. 4, 2011 (citations omitted). A party must "make a reasonable search of all sources reasonably likely to contain responsive documents." *Id*. A party also is "charged with knowledge of what its agents know or what is in records available to it." *Autery v. SmithKline Beecham Corp.*, 2010 WL 1489968 (W.D. La. Aug. 4, 2011) (citation omitted).

A party objecting to discovery "must state with specificity the objection and how it relates to the particular request being opposed . . ." *Reyes v. Red Gold, Inc.* 2006 WL 2729412 (S.D. Tex. Sept. 25, 2006) (citations omitted). In other words, to escape the production requirement, a responding party must interpose a valid objection to each contested discovery request. *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990) (citation omitted). Conclusory objections that the requested discovery is "overly broad," "burdensome," "oppressive," and "irrelevant," do not suffice. *Id*.

A party seeking discovery may move for an order compelling production against another party when the latter has failed to produce documents for inspection. *See* Fed.R.Civ.P.

---

[4] Under Rule 26(b),
[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents. . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.
Fed.R.Civ.P. 26(b)(1).

37(a)(3)(B). Similarly, a party may move for an order compelling an answer when a deponent fails to answer under Rule 30. *Id*. An evasive or incomplete response is treated as a failure to respond. Fed.R.Civ.P. 37(a)(4).

## Discussion

### I. The Disputed Discovery

Obviously, the court agrees with the proposition that a party cannot be compelled to produce documents that do not exist. Nonetheless, in this case, Wal-Mart did not disclose in its objections that it had no responsive documents. Moreover, there is no indication that it ever supplemented its responses to clarify this point at any time before plaintiff filed the instant motion. Although Wal-Mart eventually produced Mr. Mulqueen-Keith's affidavit, he inserted additional qualifiers not included in plaintiff's original discovery requests. Whether this variance was intentional remains unknown.

Accordingly, the court will require Wal-Mart to search for, and produce (if they exist) the documents, as requested by plaintiff's Requests for Production H, L, and M. If the documents, in fact, do not exist, Wal-Mart shall supplement its responses to make that clear. Thereafter, if necessary, plaintiff may re-take, at her expense,[5] Wal-Mart's 30(b)(6) deposition limited to Topic No. 12 and Requests for Production H, L, and M.

### II. Fees, Costs, and/or Expenses

The court generally must award reasonable expenses to the prevailing party on a motion to compel. Fed.R.Civ.P. 37(a)(5)(A). The rule authorizes exceptions, however, for non-

---

[5] Plaintiff was aware of the instant discovery dispute well before the scheduled deposition, and should have presented the issue to the court prior to that time.

disclosures and responses that were substantially justified, or other circumstances that make an award unjust. *Id*.

Here, however, the court finds no substantial justification for Wal-Mart's recent epiphany that the requested discovery, as reinterpreted by Wal-Mart, does not exist. Even if the documents do not exist, Wal-Mart did not so assert until after plaintiff filed the instant motion to compel. Under the circumstances, the court finds that an award of $500 is warranted and appropriate to ameliorate the reasonable expenses and fees incurred by plaintiff in prosecuting the instant motion.

## **Conclusion**

For the reasons set forth above, the motion to compel discovery responses and associated request for attorney's fees [doc. # 39] filed by plaintiff Beth Altazin is hereby GRANTED. Accordingly,

IT IS ORDERED that, within the next fourteen (14) days of the date of this order, defendant Wal-Mart shall supplement its responses to plaintiff's requests for production, H, L, & M, as set forth in Exhibit B to the Rule 30(b)(6) Notice issued by plaintiff in this matter.

IT IS FURTHER ORDERED that Wal-Mart shall respond to plaintiff's questions pertaining to Topic No. 12 listed in Exhibit A, and requests for production, H, L, & M, as set forth in Exhibit B, to the aforementioned notice – in the event that plaintiff elects to resume the 30(b)(6) deposition.

IT IS FURTHER ORDERED that Wal-Mart shall remit the sum of $500 to plaintiff Beth Altazin, via counsel, within 14 days of the date of this order, and file proof of said payment in the record of these proceedings within 7 days thereafter.

In Chambers, at Monroe, Louisiana, this 26th day of June 2014.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE